# EXHIBIT A

**LAW OFFICES OF JOHN MIRABELLA**
John Mirabella, Esquire
Attorney I.D. 49558
1600 Market Street, Suite 1810
Philadelphia, PA 19103
Phone: (215) 422-4991
Fax: (215) 422-4992

Attorney for Plaintiffs

*Filed and Attested by the Office of Judicial Records 12 JUL 2018 04:50 pm K. EDWARDS*

| | |
|---|---|
| SANIL PATEL<br>72 OAKHURST LANE,<br>MOUNT LAUREL, NJ 08054 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| Plaintiff | MAY TERM 2018 |
| vs. | NO:   003022 |
| DHAVAL PATEL<br>1243 SOUTH 47TH STREET, #2B<br>PHILADELPHIA, PA 19143 | |
| Defendant | |

<table>
<tr><th>NOTICE</th><th>AVISO</th></tr>
<tr><td>You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
ONE READING CENTER
PHILADELPHIA, PA 19107
(215) 238-6333
TTY (215) 451-6197</td><td>Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notiicacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede Incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en   el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.

ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE ARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O SIN NUNGUN HONORARIO.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL.
(215) 238-6333</td></tr>
</table>

Case ID: 180503022

JOHN MIRABELLA, ESQUIRE
ATTORNEY I.D. NO: 49558
1600 MARKET STREET, SUITE 1810
PHILADELPHIA, PA 19103
PHONE: (215) 422-4991
FAX: (215) 422-4992

ATTORNEY FOR PLAINTIFF
SANIL PATEL

| | |
|---|---|
| SANIL PATEL<br>72 OAKHURST LANE,<br>MOUNT LAUREL, NJ 08054<br><br>       Plaintiff<br><br>vs.<br><br>DHAVAL PATEL<br>1243 SOUTH 47TH STREET, #2B<br>PHILADELPHIA, PA 19143<br><br>       Defendant | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br>MAY TERM 2018<br><br>NO:   003022 |

## CIVIL ACTION COMPLAINT

1. Plaintiff, Sanil Patel, is an adult individual who resides at 72 Oakhurst Lane, Mt. Laurel, NJ 08054.

2. Defendant, Dhaval Patel, is an adult individual who resides at 1243 South 47th Street, Philadelphia PA 19143.

3. At the time of the crash on April 1, 2018, the Plaintiff was a passenger in a 2016 Dodge Challenger SXT operated by the Defendant.

4. At the time of the collision, Dhaval Patel was driving the 2016 Dodge Challenger SXT involved in the crash.

1
Case ID: 180503022

5. On April 1, 2018 the Defendant, Dhaval Patel, drove the 2016 Dodge Challenger SXT out of a Wawa onto Kresson Gibbsboro Road with Dev Patel in the passenger seat and Sanil Patel in the back seat.

6. Defendant Dhaval Patel pulled onto the shoulder of Kresson Gibbsboro road upon exiting the Wawa and stopped the vehicle.

7. The Defendant, Dhaval Patel, asked the Plaintiff how to turn the car onto sport mode, then slammed down the gas pedal accelerated while using his phone to videotape the dashboard in real time.

8. The Defendant accelerated the vehicle in excess of the speed limit east on Kresson Gibbsboro Road.

9. Prior to the accident, Joseph Ghosh-Fernandez was lawfully driving his vehicle east on Kresson Gibbsboro Road.

10. The Defendant, Dhaval Patel, negligently, carelessly, and recklessly drove the 2016 Dodge Challenger SXT into the rear passenger side of Joseph Ghosh-Fernandez 's Vehicle.

11. Defendant, Dhaval Patel, lost control of the 2016 Dodge Challenger SXT; it travelled off the road and struck a tree, injuring the Plaintiff and causing the automobile to catch fire.

12. The Defendant was cited by the Gibbsboro Borough police for "Careless Driving: Likely to Endanger Person or Property," "Reckless Driving," "Traffic on Marked Lanes-Unsafe Lane Change," "Delaying Traffic," and "Obstructing Passage of Other Vehicles".

13. The negligence, carelessness and recklessness of Defendant, Dhaval Patel, in the operation of a motor vehicle, included:

   a. Operating the vehicle at an excessive speed;

b. Failing to keep a proper lookout for the location and movement of other vehicles on Kresson Gibbsboro Road as required in the exercise of reasonable care in the operation of a motor vehicle;

c. Failing to exercise reasonable care to keep control of his vehicle so as to avoid contact with another vehicle;

d. Failing to stop his vehicle and/or avoid contact with Joseph Ghosh-Fernandez's vehicle;

e. Being inattentive, distracted, and failing to use due care to observe the roadway, traffic conditions, and the location of other vehicles on the shoulder and/or road;

f. Using a phone to record a video of the dash board while recklessly accelerating and failing to be watch the presence of other vehicles;

g. In attempting to accelerate the vehicle at full speed from a stopped position when he knew or should have known it was likely to result in a crash.

14. The aforesaid accident was legally caused by, and/or proximately caused by the negligence and carelessness of the Defendant and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

## COUNT I - NEGLIGENCE

### PLAINTIFF, SANIL PATEL V. DEFENDANT, DHAVAL PATEL

15. Plaintiff, Sanil Patel, incorporates by reference hereto, all of the allegations contained in paragraphs 1 through 14, *supra*, as if they were set forth herein.

16. Results of the Defendant's reckless driving include attempting to drive around a car on the road (instead of breaking or slowing down), losing control, and striking a tree.

3

17. As a result, the vehicle caught fire and Defendant fled the vehicle and abandoned his passengers in the burning vehicle, both of whom were unconscious.

18. The Plaintiff lost consciousness. When he awoke, he saw that the front passenger was unconscious with his head slumped on the dashboard as the vehicle burned.

19. The Plaintiff was emergently taken to Cooper Hospital via ambulance.

20. The Plaintiff, Sanil Patel, underwent X-rays and CT scans upon his arrival at Cooper Hospital.

21. At Cooper, the Plaintiff was diagnosed with a concussion, a dislocated pelvis and significant bone fragments.

22. A prepatellar laceration and subcutaneous hematoma were visible in the CT scan of the Plaintiff's left knee.

23. X rays of Sanil Patel's pelvis revealed significant left hip dislocation and the presence of fracture fragments along the posterior acetabular wall.

24. X rays of his spine showed possible dystrophic calcification as well as punctate asymmetric hyper density within the left posterior temporal white matter.

25. The severity of the Plaintiff's injury to his hip required an open reduction internal fixation of the left posterior wall on April 2, 2018 which was performed by Rakesh Mashru, M.D. at Cooper.

26. Following the operation, X rays were taken of Sanil Patel's pelvis showing the internal fixation plate and multiple screws transfixing the left acetabular fracture.

27. The Plaintiff also suffered facial injuries including several chipped teeth as a result of the accident.

28. Plaintiff remained at Cooper Hospital as an inpatient for six days.

29. After his stay in Cooper Hospital, the Plaintiff was transferred at discharge to Kessler Rehabilitation in Marlton, New Jersey.

30. Sanil Patel remained at Kessler Rehab until April 13, 2018.

31. Plaintiff required a rolling walker, wheelchair, tub transfer bench and bedside commode in order to continue any semblance of his daily life.

32. Plaintiff was prescribed Ferrous Sulfate and Oxycodone.

33. Despite being discharged to his home, Sanil could not ambulate without assistance and was unable, for the next few months, to carry out the activities of daily life without assistance of family members who took off weeks from work to care for him.

34. As a result of the crash caused by the defendant, Sanil Patel, suffered multiple injuries including:

    a. Impaction of the left femoral head;

    b. Left femoral hip dislocation;

    c. Comminuted fractures of the posterior wall of the acetabulum;

    d. Right sacroiliac fracture extending into the sacroiliac joint;

    e. Left occipital condyle fracture (cervical spine);

    f. Left retro orbital hematoma (bulbar);

    g. Concussion with loss of consciousness;

    h. Closed head injury;

    i. Chipped front teeth; and

    j. Internal derangement of the left knee.

35. The Plaintiff, Sanil Patel, will never fully recover his baseline health and mobility, will suffer in the future from post- traumatic arthritis in his hip, pain, impaired mobility and require future treatment, care and therapy.

36. The Plaintiff has undergone months of physical and occupational therapy and still must continue to do so. Plaintiff has incurred medical expenses and will incur the same in the future all to his great detriment and loss

37. As a result of this accident, Sanil Patel has been unable to continue working as an electrical engineer and was unable as of this date to return to work. He has suffered past wage loss and will suffer future wage loss.

38. The Plaintiff was pursuing a master's degree in electrical engineering for which he had to stop taking classes due to injuries from the accident. This has delayed the completion of his studies and negatively affected his career trajectory, incurring tuition loss and further reducing his future earnings.

39. As a result of this accident, some of the Plaintiff's family members have had to take time off from work, causing wage loss.

40. As a further result of this accident, Plaintiff, Sanil Patel, has suffered and will continue to suffer pain, embarrassment, physical impairment, disfigurement, emotional distress, anxiety, and emotional lability some or all of which may be permanent.

WHEREFORE, Plaintiff, Sanil Patel, demands judgment against the Defendant, Dhaval Patel, for damages in an amount in excess of $50,000.00 plus interest, costs and delay damages and any other costs that the Court deems inappropriate.

## COUNT II - PUNITIVE DAMAGES

### PLAINTIFF, SANIL PATEL V. DEFENDANT, DHAVAL PATEL

41. Plaintiff incorporates by reference paragraphs 1 through 40, supra, as if the same were set forth herein at length.

42. It is recognized in the State of Pennsylvania that automobiles represent the most lethal and deadly weapons today entrusted to our citizenry, *Focht v. Rabada*, 217 Pa. Super 35, 41 268 A.2d 157, 161 (Pa. Super 1967).

43. The operation of a motor vehicle in reckless disregard for the safety of others can give rise to a claim for punitive damages. *Focht v. Rabada*, 217 Pa. Super 35 (1969).

44. In *Fugagli v. Camasi, 426 Pa. 1, 3, 229 A. 2d 735 (1967)*, the Pennsylvania Supreme Court found that "It is not necessary for tortfeasor to have actual knowledge of the other person's peril to constitute wanton misconduct. Such exists if he has knowledge of sufficient facts to cause a reasonable man to realize the existing danger for a sufficient period of time beforehand to give him a reasonable opportunity to take means to avoid the danger and despite this knowledge, he recklessly ignores the other person's peril…"

45. At the scene of the accident, Gibbsboro Police concluded that the Defendant, Dhaval Patel was operating the vehicle recklessly and at dangerously excessive speeds.

46. The Defendant accelerated the vehicle from a complete stop as if he were drag racing while videotaping the dashboard with his phone.

47. After losing control, striking a tree and watching the car catch fire, Defendant fled the vehicle and abandoned his passengers both of whom he knew were unconscious.

48. Defendant's conduct constitutes a wanton disregard for the safety of others and warrants the imposition of punitive damages.

WHEREFORE, the Plaintiff, Sanil Patel demands judgment in his favor against the Defendant, Dhaval Patel, for exemplary damage in an amount in excess of $50,000.00 plus interest, costs and delay damages and any other costs the Court deems appropriate.

LAW OFFICES OF JOHN MIRABELLA

BY: _____
JOHN MIRABELLA, ESQUIRE
ATTORNEY FOR PLAINTIFF

DATED: 07/12/18

## **VERIFICATION**

I, JOHN MIRABELLA, ESQUIRE, verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

LAW OFFICES OF JOHN MIRABELLA

BY: _____
JOHN MIRABELLA, ESQUIRE

**CERTIFICATE OF SERVICE**

I, John Mirabella, Esquire, hereby certify that on the date set forth below, I did serve a true and correct copy of the Plaintiff's Civil Action Complaint, via U.S. first class mail upon the following:

Dhaval Patel
1243 South 47th Street, #2B
Philadelphia, PA  19143

Respectfully submitted,

JOHN MIRABELLA, ESQUIRE
Attorney for Plaintiff

Dated: 07/12/18

Case ID: 180503022