IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| SANIL PATEL | |
| --- | --- |
| *Plaintiff,* | CIVIL ACTION |
| v. | NO. 18-03552 |
| DHAVAL PATEL | |
| *Defendant.* | |

**PAPPERT, J.**                                                                                                       October 4, 2018

**MEMORANDUM**

Sanil Patel sued Dhaval Patel in state court after suffering injuries in a car crash where he was a passenger in a car driven by Dhaval. Dhaval removed the case to federal court and Sanil seeks to have the case remanded to state court on the grounds that the removal was untimely because it was filed more than thirty days after service of the Complaint. Dhaval claims he timely removed the case because he filed the notice of removal within thirty days of becoming aware of the requisite amount in controversy, not from the Complaint but from the receipt of Sanil's state court Case Management Conference Memorandum.

The Complaint notified Dhaval that the value of Sanil's claim exceeded $75,000 and Dhaval thus knew when he received the pleading that the case was removable to federal court. The Court grants the Motion to Remand because Dhaval did not file his notice of removal within thirty days of ascertaining that fact.

I

On April 1, 2018, Sanil was a passenger in a car driven by Dhaval and sustained serious injuries when Dhaval allegedly drove the car into another car, causing his car to leave the road, strike a tree and catch fire. (Mot. Remand Ex. D ("Complaint"), ECF No. 4, at ¶ 5.) Sanil was hospitalized for six days and then taken to a rehabilitation facility where he remained until April 13. (*Id.* at ¶¶ 19, 28, 30.)

On May 4, 2018, Sanil's counsel sent a letter to Dhaval's insurer, New Jersey Manufacturer's Insurance Company ("NJMIC"), detailing Sanil's injuries and medical records. He asserted that the injuries were worth more than the $300,000 policy limits. (Mot. Remand, ECF No. 4, at 1.) On May 29, 2018, Sanil filed a Writ of Summons in the Philadelphia County Court of Common Pleas and personally served Dhaval with the writ on June 18, 2018. (*Id.* at 2.)

On July 12, 2018, Sanil filed his Complaint in the Common Pleas Court, seeking damages in excess of $50,000,[1] as well as punitive damages. (Complaint ¶¶ 40, 48.) Sanil claimed to have suffered multiple, serious injuries in the crash, including: a fractured hip, a fractured and dislocated pelvis, spinal fractures, internal derangement in his knee, facial injuries and a concussion. (*Id.* at ¶¶ 21, 22, 23, 24, 25, 26, 27, 34.) He underwent surgery on his hip which required the insertion of multiple screws and a "fixation place." (*Id.* at ¶ 25.) His injuries necessitated the use of a walker and wheelchair. (*Id.* at ¶ 31.) Sanil claims he will never recover his full health and mobility and has undergone months of physical and occupational therapy. (*Id.* at ¶¶

---

[1] Pursuant to Rule 1021 of the Pennsylvania Rules of Civil Procedure, a plaintiff is prohibited from claiming any specific sum for unliquidated damages, and at most may state that the amount claimed does or does not exceed the jurisdictional amount requiring arbitration referral by local rule. Pa. R. Civ. P. 1021.

35–36.) He has also suffered loss of employment and a delay in completing a master's degree in electrical engineering. (*Id.* at ¶¶ 37–38.)

On August 14, Sanil's counsel hand-delivered a letter with Sanil's updated medical records and a copy of the May 4 demand letter that he previously sent to NJMIC. (Mot. Remand at 2.) On August 16, Sanil provided Dhaval the Case Management Memorandum with a demand for $3,000,000. (*Id.*) Five days later, on August 21, 2018, Dhaval filed his notice of removal. (*Id.*)

## II

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A plaintiff may challenge removal by moving to remand the case to state court. *See* 28 U.S.C. § 1447(c). Grounds for remand include: (1) lack of subject-matter jurisdiction or (2) a defect in the removal procedures. *See PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993) (citing 28 U.S.C. § 1447(c)).

A defendant who wishes to remove a case to federal court must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Where service of a summons takes place before the service of the Complaint, as was the case here, the thirty day period for removal begins to run when the Complaint is served. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). However, this thirty-day window for removal is "only triggered when 'the four corners of the pleading . . . informs the reader, to a substantial degree of specificity, [that] all the elements of

3

federal jurisdiction are present.'" *In re Asbestos Prods. Liab. Litig. (No. VI)*, 770 F. Supp. 2d 736, 740 (E.D. Pa. 2011) (quoting *Foster v. Mut. Fire Marine & Inland Ins. Co.*, 986 F.2d 48, 53 (3d Cir. 1993), *rev'd on other grounds*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)). If the initial case is not removable as filed, the notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

III

"In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). The inquiry into whether the Complaint adequately puts the Defendant on notice is succinct: "whether the document informs the reader, to a substantial degree of specificity, whether all elements of federal jurisdiction are present." *Foster*, 986 F.2d at 53. In assessing whether the Complaint meets this standard for purposes of establishing the requisite amount in controversy under 28 U.S.C. § 1332(a), courts look to the standards set out in *Saint Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938). *See, e.g.*, *Lewis v. FCA U.S. LLC*, No. CIV.A. 15-2811, 2015 WL 3767521, at *2 (E.D. Pa. June 17, 2015). In *Red Cab*, the Supreme Court explained that in the context of remand, the amount sought in good faith in a complaint controls for jurisdictional purposes. 303 U.S. at 289. A claim may be remanded for lack of subject-matter jurisdiction only when "it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.*; *see also*

*Samuel-Bassettt.*, 357 F. 3d at 392. "Thus, when a defendant reviews a state court complaint to ascertain the amount in controversy for federal jurisdictional purposes, it must do so with the *Red Cab* standard in mind." *Lewis*, 2015 WL 3767521, at 2.

Dhaval relies on two cases, *Bishop v. Sam's E., Inc.*, No. CIV.A. 08-4550, 2009 WL 1795316, at *4 (E.D. Pa. June 23, 2009) and *Baider v. DDR Corp.*, No. CV 17-5802, 2018 WL 827229, at *3 (E.D. Pa. Feb. 9, 2018), to support his argument that the Complaint did not put him on notice of the requisite amount in controversy. In *Bishop*, the court held that where the complaint recites boilerplate allegations of apparently serious injuries, an *ad damnum* clause seeking damages "in excess of $50,000" did not put the defendant on notice of an amount in controversy exceeding $75,000. In *Baider*, the issue was not whether the Complaint permitted Defendants to ascertain the amount in controversy—the court determined that as a threshold matter, it did not— but whether a subsequent Memorandum satisfied the "other paper" requirement of 28 U.S.C. § 1446(b)(3). *Baider*, 2018 WL 827229 at 3.

Unlike in *Bishop* and *Baider*, the allegations here are not "boilerplate;" they describe specific and very serious injuries. When Dhaval received the Complaint on July 12, 2018, he was notified with a substantial degree of specificity that the injuries placed the value of Sanil's claim well above $75,000. Dhaval could not have reasonably read the Complaint and determined, to a legal certainty, that the claim was for less than that amount.

An appropriate Order follows.

BY THE COURT:

*__/s/ Gerald J. Pappert__*
GERALD J. PAPPERT, J.